SUMMARY ORDER
Defendant-Appellant Starwood Hotels & Resorts Worldwide, Inc. (“Starwood”) appeals from an Order of the United States District Court for the Southern District of New York (McMahon, J.). The district court denied Starwood’s motion to compel Plaintiff-Appellee Moisés Mendez to arbitrate his employment discrimination claims against Starwood. Starwood bases its motion to compel upon a one-page letter-agreement between Starwood and Mendez. According to the district court, the arbitration provision in the letter-agreement is unenforceable because Mendez’s union, the New York Hotel & Motel Trades Council, AFL-CIO, is a designated collective-bargaining representative with exclusive authority to negotiate agreements to arbitrate such claims. Starwood has filed this interlocutory appeal under § 16(a)(1) of the Federal Arbitration Act (“FAA”), 9 U.S.C. § 16(a)(1), which provides for immediate appeal from an order denying a motion to compel arbitration. We assume the parties’ familiarity with the facts, procedural history of the case, and issues presented on appeal.
This Court reviews the denial of a motion to compel arbitration de novo. Arciniaga v. Gen. Motors Corp., 460 F.3d 231, 234 (2d Cir.2006). Pursuant to the National Labor Relations Act, a designated bar *603 gaining representative has exclusive authority to bargain over “rates of pay, wages, hours of employment, or other conditions of employment.” 29 U.S.C. § 159(a). In NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 87 S.Ct. 2001, 18 L.Ed.2d 1123 (1967), the Supreme Court confirmed that where a union functions as an exclusive bargaining representative, “only the union may contract the employee’s terms and conditions of employment.” Id. at 180, 87 S.Ct. 2001. Represented employees are bound by these negotiated terms and conditions of employment, which are mandatory subjects of bargaining. Id.
Citing § 159(a) and Allis-Chalmers, the district court concluded that an agreement to arbitrate employment disputes is among the terms and conditions of employment over which a designated bargaining representative has exclusive bargaining authority. Therefore, according to the district court, only Mendez’s union had the authority to negotiate such an arbitration agreement and the provision in the individual letter-agreement between Starwood and Mendez is an unenforceable “side agreement.”
The arbitration provision in the letter-agreement Starwood asked Mendez to sign is without limitation, extending not simply to statutory claims but to “any disputes with respect to [Mendez’s] employment.” Because the provision Starwood relies upon reaches any dispute, it relates to subjects that are within the union’s exclusive bargaining realm, such as seniority, wages, and conditions of employment, and is therefore unenforceable. See Allis-Chalmers, 388 U.S. at 180, 87 S.Ct. 2001. Furthermore, unlike cases in which courts have severed an unenforceable fee provision from an otherwise enforceable arbitration clause, see Herrera v. Katz Commc’ns, Inc., 532 F.Supp.2d 644, 647 (S.D.N.Y.2008), there is no way to construe the language in the letter-agreement’s arbitration clause to allow severance of an invalid portion from an otherwise enforceable provision.
During the pendency of this appeal, the Supreme Court decided 14 Penn Plaza LLC v. Pyett, — U.S. - — -, 129 S.Ct. 1456, 173 L.Ed.2d 398 (2009), overruling Pyett v. Pennsylvania Bldg. Co., 498 F.3d 88 (2d Cir.2007). In Penn Plaza, the Court stated that an agreement to arbitrate employment-related discrimination claims is a “freely negotiated term” of a collective-bargaining agreement that “easily qualifies as a ‘condition of employment’ that is subject to mandatory bargaining under [NLRA] § 159(a).” Id. at 1464 (alteration omitted). Penn Plaza confirms that a union designated under § 159(a) has exclusive authority to negotiate agreements to arbitrate statutory discrimination claims. Nothing in Penn Plaza gives an employer the right to do so outside of the collective-bargaining context.
For the foregoing reasons, the decision is AFFIRMED.[1]

. Whether, in light of Penn Plaza, the arbitration provision in the industry-wide collective-bargaining agreement requires arbitration is not before us on appeal.